# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00021-CR

**Christopher Lee Mojica, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 52,450, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Christopher Lee Mojica appeals from his conviction for the offense of burglary of a habitation. *See* Tex. Pen. Code Ann. § 30.02(a)(3) (West 2003). In one issue on appeal, appellant contends that the trial court erred in admitting hearsay evidence. We will affirm the conviction.

### Factual and Procedural Background

On August 17, 2001, Colleen Oakes was returning to her house in a rural area of Bell County. As she approached her house, she could see three men moving around near a blue car that was parked outside her house. As she got closer, she saw the men loading items from her house into the car's trunk, and as she turned onto the short road leading directly to her house, the men got in the car and drove toward her. They stopped; the driver rolled down his window and asked if "the Griffiths" lived at that residence. When she told him, "No," and asked who the men were, appellant

drove away. Oakes wrote down the license plate number, which she later gave to the sheriff's department. She entered her house to find it in disarray, with many items missing.

Eric Paredes testified that he was appellant's friend. He said that he loaned the car identified by Oakes to appellant and another friend in August of 2001. He did not remember the exact dates. Paredes was shown a police report made at the time. He agreed that his memory would have been more accurate at the time that the report was made, and said that the report accurately reflected what he said to the officer who made the report.

Theodore Cruz, Jr., was the Bell County Sheriff's Deputy who investigated the case. He testified that he used the license plate number to trace the car to its owner, Eric Paredes. Cruz testified that Paredes told Cruz that Paredes loaned the car to appellant on August 17, 2001. Cruz also testified concerning the photo identification line-up in which Oakes identified appellant as the driver of the car that she saw leaving her house. Cruz testified that he contacted appellant. Appellant told Cruz that "he knew what [Cruz] wanted, the stuff [Cruz] was looking for was at a friend's house." Appellant agreed to come to the station to talk to Cruz, but never appeared.

The State later offered Cruz's report of Paredes's account of the car loan for admission into evidence. Defense counsel objected that the report was hearsay. The State argued that it was admissible as an exception to the hearsay rule for a "past recollection recorded." After taking the matter under advisement, the court admitted the report; its contents were read into the record.

2

**Discussion**

A court reviews the admission or exclusion of evidence for an abuse of discretion. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). Error that is not constitutional must be disregarded unless it affects substantial rights. *See* Tex. R. App. P. 44.2. A substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).

Appellant contends that the report did not meet the requirements of the hearsay exception for a "past recollection recorded," the theory offered by the State for its admission. *See* Tex. R. Evid. 803(5); *Johnson v. State*, 967 S.W.2d 410, 416-17 (Tex. Crim. App. 1998). Appellant argues that admission of the report was harmful because the report established the exact date of the car loan, a fact that Paredes did not remember. Therefore, appellant could not use an alibi defense based on the theory that someone else to whom Paredes loaned the car was the person driving it on the day of the robbery.

The information that appellant points to as harmful was admitted without objection during Cruz's testimony. Therefore, if the later admission of the report was error, it was harmless. *See* Tex. R. App. P. 44.2. Further, Oakes identified appellant as the driver of the car that she saw at her house while the three men were still in the process of loading that car with her possessions. Cruz testified about appellant's incriminating statement. In view of all of the other evidence of guilt before the jury, we cannot say that error, if any, in the admission of the report affected a substantial

3

right. *See King*, 953 S.W.2d at 271. Accordingly, we overrule appellant's only issue and affirm the conviction.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   August 29, 2003

Do Not Publish